# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

STATE OF TENNESSEE,                )
                                   )
    Appellee,            )  C. C. A. NO. 02C01-9812-CC-00379
                                   )
vs.                                )  MADISON COUNTY
                                   )
FREDERICK T. BRAY,                 )  No. 94-661, 95-373, 98-155
                                   )
    Appellant.           )

**FILED**

July 7, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

## O R D E R

This matter is before the Court upon the state's motion to affirm the trial court judgment by order pursuant to Rule 20, Rules of the Court of Criminal Appeals. The appellant is appealing the trial court's revocation of his probation. On January 4, 1995, the appellant pled guilty to burglary, theft, and criminal impersonation and received an effective five year sentence. The trial court ordered intensive probation after the appellant served six months confinement. On February 6, 1996, the trial court revoked appellant's probation finding that he had since been convicted of extortion and theft, for which he received an effective four year sentence to be served consecutive to his previous sentences. The appellant was placed in the community corrections program. Thereafter, on September 4, 1997, the appellant was again placed on probation. On November 9, 1998, the appellant's probation was revoked.

After a hearing, the trial court found that the appellant violated the terms and conditions of his probation by "having new convictions [attempted robbery], failing to pay probation fees, court costs, and restitution, and failing to obtain inpatient drug treatment." The appellant and his probation officer testified at the hearing.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. T.C.A. § 40-35-311(e). The decision to revoke probation rests within the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation is subject to an

abuse of discretion standard of review, rather than a de novo standard. State v. Harkins, 811 S.W.2d 79 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of probation has occurred. Id.; State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). Proof of a violation need not be established beyond a reasonable doubt, and the evidence need only show that the trial judge exercised a conscientious and intelligent judgment, rather than acting arbitrarily. Gregory, 946 S.W.2d at 832; State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

On appeal, the appellant contends only that the trial court abused its discretion in revoking his probation. He argues that "[t]he trial court should have, instead, incarcerated Mr. Bray for a short period of time and then released him on intensive probation after obtaining drug treatment for him." Having reviewed the record in light of the appellant's argument, we find that the evidence fully supports the trial court's action. The appellant has simply failed to show how the trial court abused its discretion.

Accordingly, the state's motion is granted. It is hereby ORDERED that the judgement of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals. Costs of this appeal shall be assessed to the state.

_____
JOE G. RILEY, JUDGE


_____
DAVID G. HAYES, JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE

2